```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


VERHINE & VERHINE, PLLC, and
P. KELLY LOYACONO, PLLC                              PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:06-cv-109(DCB)(JMR)

CARDIOVASCULAR SONOGRAPHERS,
INC., and PREFERRED MEDICAL
DIAGNOSTIC MANAGEMENT, LLC                           DEFENDANTS
```

ORDER

This cause is before the Court on the defendants Cardiovascular Sonographers, Inc. ("CSI"), and Preferred Medical Diagnostic Management, LLC ("PMDM")'s motion to dismiss **(docket entry 3)**; on CSI and PMDM's motion to dismiss plaintiffs' first amended complaint **(docket entry 15)**; on the plaintiffs Verhine & Verhine, PLLC ("Verhine") and P. Kelly Loyacono, PLLC ("Loyacono")'s motion for leave to file second amended complaint **(docket entry 24)**; and on CSI and PMDM's motion to dismiss plaintiffs' second amended complaint **(docket entry 28)**.  Having carefully considered the motions and responses, along with the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

This action was originally filed in the Circuit Court of Warren County, Mississippi, on June 28, 2006, and was removed to this Court on August 4, 2006.  In the original complaint, the plaintiffs alleged that they entered into a contract with the

defendants to perform medical tests on potential Fen-Phen diet drug litigants represented by the plaintiffs, and that the defendants breached the contract. The original complaint also alleged negligence, fraud and misrepresentation. Following removal, defendants CSI and PMDM filed a Rule 12(b) motion to dismiss in lieu of an answer. This motion alleged that the plaintiffs filed this action as a response to a suit filed against them by CSI and PMDM in the Ninth Judicial Circuit of the State of Florida, Orlando Division, for breach of contract, wherein CSI and PMDM seek to recover payment for the medical testing performed by them. CSI and PMDM contended that the original complaint should be dismissed on grounds of improper venue; that the complaint failed to state a cause of action against them; and that the plaintiffs had failed to join necessary parties. In addition, the defendants objected on grounds that defendant "Preferred Medical Management Diagnostic, Inc.," named in the original complaint, did not exist, the correct name being Preferred Medical Diagnostic Management, LLC (Mtn. to Dism., ¶ III(F)).

On August 31, 2006, the plaintiffs filed their first amended complaint, substituting Preferred Medical Diagnostic Management, LLC, as a defendant in place of Preferred Medical Management Diagnostic, Inc. The defendants filed their answer on September 18, 2006, and a motion to dismiss the first amended complaint the same day. The defendants' second motion to dismiss contained

grounds similar to those in their first motion, except that the objection concerning the incorrect naming of defendant Preferred Medical Diagnostic Management, LLC, was omitted.

On December 28, 2006, the plaintiffs filed their motion for leave to file a second amended complaint. The proposed Second Amended Complaint adds as defendants Don Emery, Linda Best, Mary Jane Quinn, Will Clark, Christine Ludwig, Shawn Cross, Connie Burton, Adrienne Politowicz, Melanie Hypsh, Connie Vasquez, Sherri Jenkins, and Leslie Pratt.

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given where justice so requires." The Fifth Circuit has closely adhered to this rule. See e.g., Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996)("A decision to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."); Robertson v. Plano City of Texas, 70 F.3d 21, 22 (5th Cir. 1995)("leave to amend complaint should be granted liberally"). In exercising its discretion to grant or deny leave to amend, a court may consider (1) undue delay; (2) bad faith; (3) dilatory motive; (4) prejudice to the other party; and (5) the futility of the proposed amendments. Rolf, 77 F.3d at 828. Even if substantial reason to deny leave to amend exists, the court may consider the prejudice to the movant in denying leave to amend, as well as the interests of judicial

3

economy.  Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985).

The plaintiffs' motion was filed prior to the December 31, 2006, deadline for amendment to pleadings and joinder of parties. Because the defendants have not objected to the filing of a second amended complaint, the Court shall grant the plaintiffs' motion.

Defendants CSI, PMDM, and Don Emery have already filed their answer to the second amended complaint, on January 8, 2007, and a motion to dismiss, filed January 12, 2007.  However, since the second amended complaint was not yet filed, the answer and motion to dismiss shall be stricken as premature.  Anderson v. USAA Cas. Ins. Co., 218 F.R.D. 307, 308 (D. D.C. 2003).  The Court shall also deny without prejudice the original motion to dismiss and the motion to dismiss the amended complaint, inasmuch as the prior complaints have been superseded by the second amended complaint. Id.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for leave to file a second amended complaint **(docket entry 24)** is GRANTED;

FURTHER ORDERED that the defendants' motion to dismiss **(docket entry 3)** and motion to dismiss plaintiffs' first amended complaint **(docket entry 15)** are DENIED AS MOOT, with leave to re-file;

FURTHER ORDERED that the defendants' answer to second amended complaint **(docket entry 27)** and motion to dismiss plaintiffs' second amended complaint **(docket entry 28)** are STRICKEN AS PREMATURE, with leave to re-file;

FURTHER ORDERED that the plaintiffs shall file their second amended complaint within five (5) days of the date of entry of this Order, and that the defendants' responsive pleadings shall be due in accordance with the Federal Rules of Civil Procedure.

SO ORDERED, this the 6th day of March, 2007.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE